**RED LAKE BAND, et al.**

v.

**The UNITED STATES.**

**No. 189–B.**

United States Court of Claims.

Dec. 16, 1981.

Marvin J. Sonosky, Washington, D. C., attorney of record, for plaintiffs; Lloyd

Benton Miller, Sonosky, Chambers & Sachse, Washington, D. C., and Edwards, Edwards & Bodin, Duluth, Minn., of counsel.

James M. Upton, Washington, D. C., with whom was Asst. Atty. Gen., Carol E. Dinkins, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, BENNETT and SMITH, Judges.

SMITH, Judge:

This case, docket No. 189–B, is one of several related cases: No. 19 (petition filed January 22, 1948), No. 188 (complaint filed August 2, 1951), No. 189–A (complaint filed January 12, 1956), No. 189–B (complaint filed February 2, 1956), No. 189–C (complaint filed August 2, 1951), and Nos. 19 and 189–A consolidated (by order, March 19, 1969), all hereinafter referred to collectively as the 1946 Act cases, in which the Chippewa Indians in Minnesota (represented by the Minnesota Chippewa Tribe and by the Red Lake Band) are suing the United States for wrongful conduct in its dealing with the Chippewas.

The issue decided here comes before us on defendant's motion to dismiss Claim No. 2 of plaintiffs' complaint in docket No. 189–B, on the ground of res judicata. Defendant's motion is one of many similar motions seeking to dismiss on the basis of res judicata several exceptions and counts filed by the Chippewas in the 1946 Act cases. Because of the importance of the res judicata issue presented by these motions, we are filing an opinion with respect to Claim No. 2 in this case. The other motions are this date disposed of by order.

Defendant's motion asserts that Claim No. 2 is foreclosed because it was determined by this court in previous litigation between the Minnesota Chippewas and the United States.[1] Answering, plaintiffs oppose the motion. We find that plaintiffs' second count is not barred.

## A.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."[2] This bar applies "not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'"[3] The court will

> insist, first, that a plaintiff raise his entire "claim" in one proceeding, and second, * * * define "claim" to cover all the claimant's rights against the particular defendant with respect to all or any part of the transaction * * * out of which the action arose. In deciding what factual grouping constitutes a transaction, * * the tribunal acts pragmatically * * *.[4]

The doctrine is applied strictly; the fact that a person will never have his day in court on a certain issue will not, by itself, bar the application of the doctrine.[5]

---

1. *Chippewa Indians of Minnesota v. United States*, 80 Ct.Cl. 410 (1935), aff'd, 301 U.S. 358, 57 S.Ct. 826, 81 L.Ed. 1156 (1937) [hereinafter cited as No. H–76]; *Chippewa Indians of Minnesota v. United States*, 87 Ct.Cl. 1 (1938), aff'd, 305 U.S. 479, 59 S.Ct. 313, 83 L.Ed. 300 (1939) [hereinafter No. H–192]; *Chippewa Indians of Minnesota v. United States*, 88 Ct.Cl. 1 (1938), aff'd, 307 U.S. 1, 59 S.Ct. 687, 83 L.Ed. 1067 (1939) [hereinafter No. H–155]; *Chippewa Indians of Minnesota v. United States*, 90 Ct.Cl. 140 (1940) [hereinafter No. H–163]; *Chippewa Indians of Minnesota v. United States*, 91 Ct.Cl. 97 (1940) [hereinafter No. M–135] [hereinafter collectively referred to as the Nelson Act cases].

2. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979);

*Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

3. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); *Container Transp. Int'l, Inc. v. United States*, 199 Ct.Cl. 713, 717, 468 F.2d 926, 928 (1972); *United States v. Creek Nation*, 192 Ct.Cl. 425, 433, 427 F.2d 743, 748 (1970).

4. *Container Transp. Int'l, Inc. v. United States*, supra note 3, 199 Ct.Cl. at 718, 468 F.2d at 928–29.

5. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981).

■ Where the parties are the same but the claims in the later case could not have been asserted in the earlier one, the related doctrine of collateral estoppel bars relitigation of issues of law or fact which were "actually and necessarily determined" in the prior case.[6]

The application of res judicata is complicated in this case by the existence of two jurisdictional statutes, superimposed upon each other, providing to a certain extent different causes of action. The earlier (Nelson Act) cases are jurisdictionally based on the Special Jurisdictional Act of 1926,[7] which creates a cause of action for claims arising out of violations of the Nelson Act of 1889.[8] The Nelson Act created the reservations, trusts, and duties which are the basis of the present action.

In 1946, Congress, recognizing deficiencies in the relief obtained by Indians under the 1926 Act, enacted section 2 of the Indian Claims Commission Act of 1946.[9] The 1946 Act created five essentially new causes of action: (1) arising under the Constitution and laws, (2) law and equity heretofore barred by sovereign immunity, (3) revisions of agreements obtained by fraud or duress, (4) takings in violation of the fifth amendment, and (5) "claims based upon fair and honorable dealings that are not recognized by any existing rule of law or equity." [10]

The 1946 Act eliminated the limitations period but expressly was made subject to all other defenses. Therefore, while res judicata applies to cases brought under the 1946 Act,[11] it does so only in a limited sense. Clause 4, for example—taking—is a cause of action cognizable prior to the 1946 Act and appears to be identical under both acts. Clauses 3 and particularly 5, on the other hand, are new. Thus, even though a 1946 claim arises out of exactly the same facts as a 1926 (Nelson Act) claim, the 1946 claim is a new cause of action and not barred by res judicata if it is brought under clause 3 or 5.[12]

Since res judicata does apply overall, however, the potentially duplicative effect of the *Creek* rule is softened by the existence of the collateral estoppel defense. Issues of fact will not be relitigated,[13] and if the issues actually decided in the previous case cover the facts needed to determine a clause 3 or 5 claim, the new claim will be barred.[14]

Our first inquiry in each case, then, is whether the parties are identical. This is a prerequisite to both res judicata and collateral estoppel. The second inquiry concerns the identity of issues: where the causes of action are the same, res judicata bars the present claim; where the causes of action are different, collateral estoppel bars the present claim only if the issues determined by the prior case preclude any possibility of success in this case.

---

6. *Montana v. United States, supra* note 2, 440 U.S. at 153, 99 S.Ct. at 970; *Commissioner v. Sunnen,* 333 U.S. 591, 597–98, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac,* 94 U.S. 351, 353, 24 L.Ed. 195 (1877); *United States v. Creek Nation, supra* note 3, 192 Ct.Cl. at 433 n.5, 427 F.2d at 748 n.5; *Creek Nation v. United States,* 168 Ct.Cl. 483, 488 and n.2 (1964).

7. Act of May 14, 1926, 69th Cong., 1st Sess., ch. 300, § 1, 44 Stat. 555 [hereinafter cited as the 1926 Act].

8. Act of January 14, 1889, 50th Cong., 2d Sess., ch. 24, 25 Stat. 642.

9. Act of August 13, 1946, 79th Cong., 2d Sess., ch. 959, § 2, 60 Stat. 1049, 1050 (codified at 25 U.S.C. § 70a) [hereinafter cited as the 1946 Act].

10. *Id.,* clauses 1–5.

11. *Creek Nation v. United States, supra* note 6, 168 Ct.Cl. at 490; *Minnesota Chippewa Tribe v. United States,* Nos. 19, 189-A, and 189-C (order, Mar. 3, 1981), at 2–3.

12. *Creek Nation v. United States, supra* note 6, 168 Ct.Cl. at 490.

13. *Commissioner v. Sunnen, supra* note 6, 333 U.S. at 598, 68 S.Ct. at 719.

14. *Seminole Nation v. United States,* 203 Ct.Cl. 637, 645, 492 F.2d 811, 816 (1974); *United States v. Creek Nation,* 201 Ct.Cl. 386, 402–03, 476 F.2d 1290, 1300 (1973).

## B.

The identity of parties between this case and the Nelson Act Chippewa cases is clear. The plaintiffs in the earlier cases, pursuant to the requirements of the 1926 Act, section 1, *as amended*, and the Nelson Act, section 7, *as amended*, represented all of the Chippewa Indians in Minnesota. The trial judge's opinion explains in detail the ambiguity of the acts,[15] but it is sufficient here to say that he was correct in his conclusion that the original plaintiffs included at least the entities known as the Minnesota Chippewa Tribe and the Red Lake Band, the plaintiffs in the 1946 Act cases, Nos. 19, 188, 189–A, 189–B, and 189–C. Nelson Act case No. H–76 will not act as a bar to plaintiff Red Lake Band, however, as the band was arrayed against the tribe in that case.

Plaintiffs do not challenge the identity of the parties for the purposes of this motion, and we take it as established. We now turn to the second, disputed question of identity of issues, either in the sense of res judicata or collateral estoppel.

## C.

Plaintiffs' second claim for relief in No. 189–B alleges that defendant violated sections 4, 5, and 6 of the Nelson Act by misclassifying pine lands as agricultural lands and therefore selling them for less than the fair market value (for land or timber) and by disposing of properly classified lands at less than the fair market value.

Defendant's motion to dismiss asserts that such a claim is the quintessential subject of the 1926 Act, should have been raised, therefore, with the other Nelson Act cases, and is now barred by res judicata.

The Government correctly points out that the entire relief demanded by Claim No. 2 could have been had as violations of the Nelson Act; it also correctly asserts that the second claim is very close to the claims adjudicated in Nos. H–155, H–192, and especially M–135.[16]

■ Nevertheless, plaintiffs have a defense to the application of res judicata: their claim is brought under the 1946 Act, clauses 3 and 5, which created new causes of action based on revision of agreements and fair and honorable dealings. The Government asserts that the question of the res judicata effect of clauses 3 and 5 is open, but *Creek* held that, virtually regardless of the similarity of substantive claims with earlier ones, the 1946 Act creates new causes of action which will not be barred by res judicata.[17] The Government seems to acknowledge this state of the law, as its only real counterargument to *Creek* is that plaintiffs' second claim is not brought under the Indian Claims Commission Act. But this is simply not correct: the second claim expressly incorporates by reference the paragraph of the first claim which alleges jurisdiction under the later act. Therefore, there is no bar.

■ This leaves only a claim of collateral estoppel possible, if the issues in Claim No. 2 were *actually* adjudicated earlier. The Government does not claim that they were; it asserts that they *should* have been. However close the issues raised by the second claim were to those in Nos. H–155, M–192, and M–135, they were not identical, and thus collateral estoppel does not bar plaintiffs' claim either.[18] The 1946 Act represents an application by the sovereign of The Golden Rule. While we must examine it with a micrometer rather than with a

---

15. Opinion of Trial Judge Schwartz, *Minnesota Chippewa Tribe and Red Lake Band v. United States*, Nos. 19 and 189–A (Mar. 18, 1980), at 8 -26, *aff'd with modifications, Minnesota Chippewa Tribe v. United States, supra* note 11, at 1 -3.

16. *Chippewa Indians of Minnesota v. United States, supra* note 1, 88 Ct.Cl. at 26; *Chippewa Indians of Minnesota v. United States, supra* note 1, 87 Ct.Cl. at 27–29; *Chippewa Indians of*

*Minnesota v. United States, supra* note 1, 91 Ct.Cl. at 130–32, respectively.

17. *Creek Nation v. United States, supra* note 6, 168 Ct.Cl. at 490; *Minnesota Chippewa Tribe v. United States, supra* note 11, at 2–3.

18. *Accord*, Opinion of Trial Judge Schwartz, *supra* note 15, at 28–29.

measured distance from the sovereign's nose, we cannot circumvent its basic purpose.

Accordingly, defendant's motion to dismiss Claim No. 2 is denied, and the case is returned to the trial division for further proceedings consistent with this opinion.