Indian claims; judgments; res judicata. — On December 18, 1981 the court entered three substantially identical orders respecting the above-identified cases and Exceptions. *682 The orders have been consolidated for reporting purposes as follows:
Exception No. 2
This case comes before the court on defendant’s motion to dismiss plaintiffs’ Exception No. 2 on the ground of res judicata. It is one of several cases brought under the Indian Claims Commission Act of 1946, docket Nos. 19, 188,189-A, 189-B, 189-C, and 19 and 189-A consolidated. Defendant asserts that this issue is foreclosed because it was or could have been determined in previous litigation, brought under the provisions of the Nelson Act of 1889, 25 Stat. 642, between the Minnesota Chippewas and the United States. Chippewa Indians of Minnesota v. United States, 88 Ct.Cl. 1 (1938), aff’d, 307 U.S. 1 (1939) (hereinafter No. H-155). Specifically, defendant seeks to give res judicata effect to No. H-155. Answering, plaintiffs oppose this motion.
Exceptions Nos. 8, 9, 13, 25, 28, 31, 32, 37, and Nos. 19. 20. 22. and 23
This case comes before the court on defendant’s motions to dismiss plaintiffs’ Exceptions Nos. 8, 9, 13, 25, 28, 31, 32, and 37/19, 20, 22 and 23 on the ground of res judicata. It is one of several related cases brought under the Indian Claims Commission Act of 1946, 60 Stat. 1049, docket Nos. 19, 188, 189-A, 189-B, 189-C, and 19 and 189-A consolidated. Defendant asserts that these issues are foreclosed because they were or could have been determined in previous litigation, brought under the provisions of the Nelson Act of 1889, 25 Stat. 642, between the Minnesota Chippewa and the United States. Chippewa Indians of Minnesota v. United States, 80 Ct.Cl. 410 (1935), aff’d, 301 U.S. 358 (1937) (hereinafter cited as No. H-76); Chippewa Indians of Minnesota v. United States, 87 Ct.Cl. 1 (1938), aff’d, 305 U.S. 479 (1939) (hereinafter No. H-192); Chippewa Indians of Minnesota v. United States, 88 Ct.Cl. 1 (1938), aff’d, 307 U.S. 1 (1939) (hereinafter No. H-155); Chippewa Indians of Minnesota v. United States, 90 Ct.Cl. 140 (1940) (hereinafter No. H-163); Chippewa Indians of Minnesota v. *683 United States, 91 Ct.Cl. 97 (1940) (hereinafter No. M-135) (hereinafter referred to collectively as the Nelson Act cases). Answering, plaintiffs oppose these motions.
This case is controlled by our opinion in Red Lake Band v. United States, ante at 272, 667 F.2d 73 (1981), which concerns Claim No. 2 of Docket No. 189-B. There we held that the parties in the Indian Claims Commission Act cases and the Nelson Act cases were identical, but that Creek Nation v. United States, 168 Ct.Cl. 483, 490 (1964), bars the application of res judicata to specific causes of action. We therefore find that the claims raised by Exceptions Nos. 2/8, 9, 13, 25, 28, 31, 32 and 37/ 19, 20, 22 and 23 are not barred.
Exception No. 2
Plaintiffs’ Exception No. 2, broadly speaking, alleges improper acts connected with the management of Nelson Acts funds; plaintiffs’ exception seeks, by way of relief, a fuller accounting than that presented by the General Accounting Office reports submitted in the Nelson Act, and in the instant cases.
Exceptions Nos. 8. 9. 13. 25. 28. 31. 32 and 37
Plaintiffs’ Exceptions Nos. 8 and 9 allege that defendant improperly reimbursed itself from the Nelson Act funds for advance payment of interest and for various expenses. Exceptions Nos. 13, 28 and 32 alleged improper disbursement of Nelson Act funds. Exceptions Nos. 25 and 31 allege that defendant failed to credit the Nelson Act principal account with certain receipts. Exception No. 37 involves a claim that defendant never divulged the basis for the division of certain receipts from the sale of land, between the members of the Red Lake Band and other Minnesota Chippewa Indians.
Thus, it can be seen that the above exceptions, broadly speaking, allege improper acts connected with the manage *684 ment of Nelson Act funds and a failure to explain certain actions taken by defendant regarding such funds. Generally speaking, plaintiffs’ exceptions seek, by way of relief, a fuller accounting than that presented by the General Accounting Office report submitted in the Nelson Act, and in the instant cases.
Exceptions Nos. 19. 20. 22. and 23
Plaintiffs’ Exceptions Nos. 19, 20, 22 and 23 raise claims in connection with the Free Homestead Act of May 17, 1900, 31 Stat. 179. Specifically, plaintiffs state that although 887,149.70 acres of Nelson Act land were to be disposed of under the applicable homestead laws at $1.25 per acre, the Free Homestead Act removed this land from such disposal under the homestead laws and made it available free to homesteaders who had entered the land prior to May 17,1900.
Exceptions Nos. 19,22 and 23 allege that defendant failed to credit sums of money to the Chippewa 5 percent interest-bearing account for each acre subject to or disposed of under the Free Homestead Act, as of the effective date of the Act, or alternatively, as of the dates of disposition of Nelson Act lands. These exceptions demand a receipt of the Chippewa accounts. Exception No. 20 alleges a failure to show the amounts of acres entered and the numbers of acres disposed of under the Free Homestead Act.
Thus, it can be seen that the above exceptions, broadly speaking, allege improper acts connected with the management of Nelson Act funds and a failure to explain certain actions taken by defendant regarding such funds. Generally speaking, plaintiffs exceptions seek, by way of relief, a fuller accounting than that presented by the General Accounting Office report submitted in the Nelson Act, and in the instant case.
Defendant’s motion to dismiss asserts that such a claim is/claims are the quintessential subject of the 1926 Special Jurisdictional Act, 44 Stat 555, which claim/claims should *685 have been raised with the other Nelson Act cases, and, therefore, is/are now barred by res judicata. The Government correctly points out that the relief demanded by this exception/these exceptions could have been granted for violation of the Nelson Act provisions. It also correctly asserts that the issues raised by this exception/these exceptions are substantially similar to the claims raised and adjudicated in No. H-155.
Under other circumstances, we would be inclined to agree with defendant, but plaintiffs in this consolidated case, have an answer to the invocation of res judicata: their claim is/claims are brought under the Indian Claims Commission Act, Section 2, clauses 3 and 5, which created new causes of action allowing revisions of agreements obtained by fraud, duress, or on grounds cognizable by a court of equity, and claims based upon fair and honorable dealings. The Government asserts that the question of the res judicata effect of clauses 3 and 5 is open, but Creek held that virtually regardless of the similarity of facts relied on in substantive claims with earlier ones, the 1946 Act creates new causes of action which will not be barred res judicata. Creek Nation v. United States, 168 Ct.Cl. at 490; Minnesota Chippewa Tribe v. United States, 227 Ct.Cl. 538 (1981).
The Government seems to acknowledge this state of the law, as its only real counterargument to Creek is that plaintiffs’ exceptions are not brought under clauses 3 or 5, Section 2 of the Indian Claims Commission Act. But this simply is not correct: paragraph 3 of docket No. 19 invokes the 1946 Act generally, and, construing the pleadings so as to do substantial justice (Rule 32(b)), we conclude that it alleges a clause 3 or 5 cause of action. Paragraph 1 of the complaint in No. 189-A expressly alleges jurisdiction under clauses 3 and 5. Defendant does not seriously challenge this jurisdictional allegation in its motion; therefore, there is no bar.
This leaves only a claim of collateral estoppel possible, if the issues raised by the exception/exceptions were actually and necessarily adjudicated earlier.
*686 Exceptions Nos. 8, 9, 13, 25, 28, 31, 32, 37 and Nos. 19. 20. 22 ami 23
* * * The Government does not claim that they were [actually and necessarily adjudicated earlier]; it asserts that they should have been. However close the issues raised by the exceptions were to those in No. H-155, they were not identical, and thus collateral estoppel does not bar plaintiffs’ claim either.
With regard to plaintiffs’ accounting claims, there is language in No. H-155, 88 Ct.Cl. at 42, which would seem to suggest that the court had examined the GAO report and found it complete. This, it would appear, could render collateral estoppel appropriate up to June 30, 1927, the terminal date of the report. However, a close reading of the case reveals that our approval of the report was very general (we were not presented with these specific objections) and our conclusion was based not on the accuracy of the report so much as the plenary power of Congress to dispose of Nelson Act funds. The court expressly held that there was no trust relationship and therefore Congress could reimburse the Treasury from Indian funds for any number of reasons within a wide ambit of discretion. The 1946 Act, however, allows defendant a range of discretion even narrower than for a trust — fair and honorable dealings, the absence of which generates enforceable moral claims — and that standard was clearly not applied in No. H-155. Further, the court stated: "[i]f, however, we are correct in holding the lands and funds to be tribal ones subject to the plenary power and authority of the Government over the same, the detailed accounting becomes immaterial.” No. H-155, 88 Ct.Cl. at 43. Thus, it would seem that the court did not actually consider the specific objections here raised to the accounting, nor does it appear that the court considered the detailed accounting necessary to its holding the way it did.
*687 Exception No. 2
* * * Collateral estoppel, therefore, does not bar plaintiffs’ claim.
it is therefore ordered that defendant’s motion to dismiss Exception No. 2 is/Exceptions Nos. 8, 9, 13, 25, 28, 31, 32 and 37/Exceptions Nos. 19, 20, 22 and 23 are denied, and the case is returned to the trial division for further proceedings consistent with this order.