This case comes before the court on defendant’s motions to dismiss plaintiffs’ Exception No. 18 on the ground of res judicata. It is one of several related cases brought under the Indian Claims Commission Act of 1946, 60 Stat. 1049, docket Nos. 19,188,189-A, 189-B, 189-C, and 19 and 189-A consolidated. Defendant asserts that this claim is foreclosed because it was or could have been determined in previous litigation, brought under a special jurisdictional act, approved May 14, 1926, 44 Stat. 555, amended 45 Stat. 423 and 48 Stat. 979, which entitled this court to adjudicate all legal and equitable claims under the provisions of the Nelson Act of 1889, 25 Stat. 642, or any subsequent act, by the Minnesota Chippewa against the United States. Chippewa Indians of Minnesota v. United States, 87 Ct.Cl. 1 (1938), aff’d, 305 U.S. 479 (1939) [hereinafter No. H-192]. Answering, plaintiffs oppose this motion.
Exception No. 18 alleges a failure to show the amount of Chippewa land made subject to the Free Homestead Act of May 17, 1900, 31 Stat. 179. In this exception, plaintiffs allege that on the effective date of that Act, the date of enactment, Chippewa lands were converted to a public use by the elimination of the $1.25 per acre homestead price established by the Nelson Act, supra. Plaintiffs allege that the homesteaders were given the land free of charge. Plaintiffs claim $1.25 per acre of Chippewa land made subject to the Free Homestead Act as of May 17, 1900, whatever date it was actually homesteaded. Exception No. 18 therefore requires that defendant reveal how much of plaintiffs’ lands were subject to the Free Homestead Act on its effective date. Defendant purported to settle for this with interest later, but the effect of the settlement as satisfaction of the claim is not at issue by the present motion. Plaintiff wants a full accounting of the transaction.
Chippewa Indians of Minnesota v. United States, No. H-192, was a suit on two claims, the first for the value of *712 timber on trust lands taken by the government under a later amendment to the Nelson Act, creating the Minnesota National Forest. The court held that a taking had occurred, but the timber in question had no ascertainable market value at the time it was appropriated, held to be 1908. 87 Ct.Cl. 1, 36 (1938). This claim was therefore dismissed.
The basis for the second claim in No. H-192 is that erroneous surveys approved June 21, 1872, December 14, 1875, and November 23,1885, resulted in a loss to plaintiffs of 16,365.80 acres, which were appropriated by the government to its own use and disposed of under the general homestead laws without any consideration therefor to plaintiffs. Plaintiffs conceded that in a settlement made with them under the Act of February 9, 1925, 43 Stat. 816; for lands taken under the Free Homestead Act, 31 Stat. 179; they were paid at a rate of $1.25 an acre for 6,236.60 acres in excess of the actual acreage taken under that Act. The claim presented was for the value of 10,129.20 acres of land at $1.25 per acre, together with interest at the rate of 5 percent per annum from November 23, 1885 to the date of judgment. The court held that since plaintiffs’ claim for a taking was based on erroneous surveys conducted prior to the Nelson Act, it had no jurisdiction over the claim, because the grant of jurisdiction under the 1926 Act was limited to claims arising under the Nelson Act and subsequent acts of Congress. No. H-192, 87 Ct.Cl. at 38.
In order to invoke the application of res judicata, the questions presented are whether the claim asserted in Exception No. 18 was or could have been litigated in No. H-192. Defendant characterizes No. H-192 as involving a "cause of action for alleged mismanagement of tribal lands and timber.” As we have described the claims in No. H-192, it is obvious that the taking under the Free Homestead Act, as alleged in Exception No. 18, had nothing to do with the creation of the Minnesota National Forest — the first claim in No. H-192 — and the second claim, an alleged taking based on erroneous surveys, was dismissed for lack of jurisdiction. It is therefore clear that the claim asserted in Exception No. 18 — the taking effected by the Free Homestead Act — was not actually determined in No. H-192.
*713 Alternatively, defendant asserts that Exception Ño. 18 could have been brought and determined in No. H-192. In Container Transport International v. United States, 199 Ct.Cl. 713, 468 F.2d 926 (1972), we said that "[t]he general rule is, of course, that a final decision on the 'merits’ of a claim bars a subsequent action on that 'claim’ or any part thereof, including issues which were not but could have been raised as part of the claim.” Id. at 717 (citations omitted). The Special Jurisdictional Act of 1926, 44 Stat. 555, conferred jurisdiction on this court "notwithstanding the lapse of time or statutes of limitation, to hear, examine, and adjudicate and render judgment in any and all legal and equitable claims arising under or growing out of the [Nelson] Act of January 14, 1889 * * or any subsequent act. In Shoshone Tribe v. United States, 299 U.S. 476 (1937), the Supreme Court upheld the right to just compensation for a taking in the Shoshone Tribe, based on a special jurisdictional statute which paralleled in language and substance, the above quoted passage from the 1926 jurisdictional statute. Id. at 484, n. 1, 497. See also Blackfeet & Gros Ventre Tribesy. United States, 127 Ct.Cl. 807, 811-12, 119 F.Supp. 161, 163-64, cert. denied, 348 U.S. 835 (1954). Therefore, unless Lone Wolf v. Hitchcock, 187 U.S. 553 (1903), and its progeny operate to foreclose plaintiffs’ taking claim, we have no difficulty in agreeing with defendant that the 1926 jurisdictional act permitted a taking claim and that it should have been asserted as part of No. H-192.
Lone Wolf, supra, possibly would operate to foreclose plaintiffs’ claim for a taking "if the Congress, exercising its plenary power over Indian Tribes, took their land without their consent and substituted for it something conceived by Congress to be an equivalent.” United States v. Sioux Nation, 207 Ct.Cl. 234, 243, 518 F.2d 1298, 1303, cert. denied, 423 U.S. 1016 (1975). In Exception No. 18 plaintiffs do not admit that any quid pro quo was provided at the time they allege that the Free Homestead Act operated as a taking. Thus, the Free Homestead Act was not, even ostensibly, an act in management of Indian property. In fact, the plaintiffs claim that they received nothing as of the effective date of the Free Homestead Act, and it was not until the Act of March 3, 1926, 44 Stat. 161, 173, that *714 Congress appropriated sums of money purportedly as compensation "for lands disposed of under the provision of the Free Homestead Act of May 17, 1900 * * *.” Plaintiffs’ taking claim herein would surely come under the Shoshone, supra, line of cases "where the Indian land was taken and turned over to others without any real or purported equivalent.” United States v. Sioux Nation, 207 Ct.Cl. at 243, 518 F.2d at 1303. Thus, it is clear that plaintiffs’ taking claim asserted in Exception No. 18 could have been raised under the Special Jurisdictional Act of 1926.
Defendant correctly asserts that plaintiffs’ original petition in No. H-192 specifically raised various claims from the disposition of certain Nelson Act lands pursuant to the Free Homestead Act. Although these claims were dropped in a subsequent amended petition, it demonstrates that plaintiffs certainly were aware of the operation of the Free Homestead Act and the facts which underlay their present taking claim. Plaintiffs’ claims in No. H-192 were both taking claims. We . therefore hold that to the extent plaintiffs’ Exception No. 18 alleges a taking claim, such a claim is barred by the res judicata effect of No. H-192.
Lest our holding be misunderstood, it must be emphasized that it does not foreclose on res judicata grounds the opportunity of plaintiffs to litigate facts underlying their Exception No. 18 claim insofar as they are founded on the Indian Claims Commission Act, Section 2, Clauses 3 and 5, 25 U.S.C. § 70a(3)(5). See United States v. Sioux Nation, 207 Ct.Cl. 234, 249, 518 F.2d 1298, 1306 (1975). Our holding confirms our intimation in Red Lake Band v. United States, ante at 272, 667 F.2d 73 (1981), wherein it was stated that "while res judicata applies to cases brought under the 1946 Act, it does so only in a limited sense. Clause 4 for example — taking—is a cause of action cognizable prior to the 1946 Act and appears to be identical under both acts. Clause 3 and particularly 5, on the other hand, are new. Thus, even though 'a 1946 claim arises out of exactly the same facts as a 1926 (Nelson Act) claim, the 1946 claim is a new cause of action and not barred by res judicata if it is brought under clause 3 or 5.” (Footnotes omitted, ante at 275.) Paragraph 3 of docket No. 19 invokes the 1946 Act generally, and, construing the pleadings so as to do *715 substantial justice (Rule 32(b)), we conclude that it alleges a clause 3 or 5 cause of action. Paragraph 1 of the complaint in No. 189-A expressly alleges jurisdiction under clauses 3 and 5. Defendant does not seriously challenge this jurisdictional allegation in its motion, therefore there is no bar.
This leaves only a defense of collateral estoppel possible, if the issues raised by the exceptions were actually and necessarily adjudicated earlier. As shown above, the claim raised in Exception No. 18 was not litigated in No. H-192. Therefore collateral estoppel does not bar plaintiffs’ claim.
it is therefore ordered that defendant’s motion to dismiss plaintiffs’ Exception No. 18 is granted to the extent that Exception No. 18 raises a claim for a fifth amendment taking but denied to the extent that it states a claim for relief under the Indian Claims Commission Act, Section 2, Clauses 3 and 5.
February 5, 1982
Plaintiffs move, pursuant to Rule 151, for a rehearing and reconsideration of this court’s order of December 23, 1981, in the above-captioned matter. We are not persuaded that any drafting imprecision in that order makes it unsound and requires a reversal of the court’s decision and thus, we deny plaintiffs’ motion.
Plaintiffs, in their motion for rehearing and reconsideration, argue that the Court’s holding in its December 23, 1981, order, is internally inconsistent, contrary to our order of May 8, 1981, in these cases (Nos. 19, 189-A and 189-C), and to our decision in Red Lake Band v. United States, ante at 272, 667 F.2d 73 (1981). Answering, defendant opposes this motion.
In the challenged order, we held that plaintiffs’ claim, as raised by Exception No. 18, for a fifth amendment taking arising out of the Free Homestead Act of May 17, 1900, 31 Stat. 179, is barred by res judicata. The case to which we gave res judicata effect was Chippewa Indians of Minnesota v. United States, 87 Ct.Cl. 1 (1938), aff’d, 305 U.S. 479 (1939) (hereinafter No. H-192).
*716 Plaintiffs assert that the court’s ruling, namely that Exception No. 18 is barred by the res judicata effect of No. H-192, is inconsistent with the statement we made in our December 23 order that "it is obvious that the taking under the Free Homestead Act * * * had nothing to do with the creation of the Minnesota National Forest.” Plaintiffs reach this conclusion making the argument that since the Minnesota National Forest was the only claim in No. H-192 adjudicated on the merits, a final judgment on that claim cannot act as res judicata to preclude litigation of its Free Homestead Act taking claim, because we stated that the Free Homestead Act "had nothing to do with” the Minnesota National Forest claim, and the instant claim, a taking claim effected by the Free Homestead Act could not have been raised as part of the claim adjudicated in No. H-192.
We do not agree with plaintiffs that the statement and our result cannot be reconciled. The context in which the quotation appeared was one where we attempted to determined whether the alleged Free Homestead Act taking claim was actually adjudicated as part of the Minnesota Forest taking claim. We held that it was not adjudicated and defendant conceded the point. The statement that "the taking under the Free Homestead Act * * * had nothing to do with the creation of the Minnesota National Forest” is hereby amended to say it "was not adjudicated in and was a different issue from our dismissal of the fifth amendment taking claim as regards the timber alleged to be appropriated by the government.”
Plaintiffs contend the Minnesota National Forest claim and the claim raised by Exception No. 18 are "wholly unrelated.” We do not subscribe to that view of the two claims in context of No. H-192 as it was presented to this court. In No. H-192, we stated—
The plaintiffs in the amended petition assert two claims against the United States, (1) for the alleged appropriation of timber by the defendant for its own use, and (2) for the alleged appropriation of lands, both without any consideration to plaintiffs therefor, and in violation of the expressed terms of the trust created by aggrements entered into by the defendant with the plaintiffs in conformity with the authority contained in *717 the [Nelson] act of January 14, 1889 (25 Stat. 642). [87 Ct.Cl. at 27.]
Thus, both taking claims alleged arose out of an "alleged appropriation” of Nelson Act property. Plaintiffs were of course able to bring No. H-192 to court when they did by virtue of the special jurisdictional act of May 14, 1926, 44 Stat. 555, as amended 45 Stat. 423 and 48 Stat. 979, which enabled this court to adjudicate "any and all” legal and equitable claims under the provisions of the Nelson Act, or any subsequent act, asserted by the Minnesota Chippewa against the United States.
We may assume arguendo that under a broad and general consent to suit, lack of success with one claim would not create a res judicata bar to a wholly unrelated and different claim just because it could have been sued upon. Here we have a consent that was not broad and general, but identified a specific category of claims all closely related to each other, all arising out of the Nelson Act. Section 2 of the 1926 Act expressly stated that "any and all claims within the. purview of this Act shall be forever barred” if not sued on within five years. This is Congress’ statement of how res judicata is to operate in this context. It would not be appropriate for us now to say it operates in some other fashion. When Congress has thus indicated its own belief that certain claims, namely those arising out of the Nelson Act, are related, and if not sued on are barred, it is not correct to say that a claim that could have been sued on but was not is unrelated. Any taking suit arising out of the Nelson Act or out of subsequent legislation that could have been brought under the 1926 Act is so closely related to any other taking suit arising out of the Nelson Act that res judicata will bar it if the suit was not brought.
We have examined the remaining grounds advanced by plaintiffs and find them to be without merit.
it is therefore ordered that plaintiffs’ motion for rehearing and reconsideration is denied.
Plaintiffs’ motion for reconsideration and rehearing en banc were denied March 19,1982,