Defendant moves this court for a rehearing and a rehearing en banc of our order dated December 23, 1981, 229 Ct. Cl. 710, in the above-captioned matter. In that order we dismissed Exception No. 18 to the extent that it raised a claim for a fifth amendment taking, but denied defendant’s motion to dismiss the exception insofar as it stated a claim for relief under the Indian Claims Commission Act, Section 2, Clauses (3) and (5), 25 U.S.C. § 70a(2).
In the instant motion defendant asserts that the court erred in denying defendant’s motion to dismiss Exception No. 18 insofar as that exception stated a claim for relief under Section (2), Clause (5), the "Fair and Honorable Dealings” clause. In support of its assertion, defendant relies on Blackfeet and Gros Ventre Tribes v. United States, 127 Ct. Cl. 807, 818, 119 F.Supp. 161, 163-64, cert. denied, 348 U.S. 835 (1954).
The essence of defendant’s argument is that the holding of our December 23rd order that Section (2), Clause (5) is applicable to facts underlying a fifth amendment taking claim is in direct conflict with our "holding” in Blackfeet. The position taken here by defendant is practically the same one defendant adopted in Minnesota Chippewa Tribe v. United States, Ct. Cl. No. 188 (Order entered March 5, 1982 (Exception No. 25)), ante at 776. In that order, we rejected defendant’s argument that Blackfeet required a different result than that reached in the order. We have examined defendant’s contentions herein and are not persuaded that a different result should obtain here. The parties are referred to our order in No. 188 entered on March 5, 1982, ante at 776, for a disposition of defendant’s arguments.
The majority of judges not having voted to grant rehearing en banc, it is therefore ordered that defendant’s motions for rehearing and rehearing en banc are denied.