Angelo **DILIBERTI, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 551–80C.**

United States Claims Court.

April 29, 1983.

A. Douglas Wellman, Chicago, Ill., for plaintiff.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Richard D. Rosen, Litigation Div. of Military Personnel, U.S. Dept. of the Army, of counsel.

## OPINION

SETO, Judge:

Plaintiff, in this action, seeks a judgment ordering that the date of his mandatory promotion to the rank of lieutenant colonel in the Army Reserve should be backdated to October 14, 1974, which is approximately two years earlier than the date recorded on his military file. Plaintiff contends such backdating is warranted because of the time lost in active reserve due to asserted wrongful-past nonselections for unit vacancy promotions for lieutenant colonel. Additionally, plaintiff seeks monetary compensation for active reserve duty he would have performed if promoted in 1974.

The effect of this court granting the relief requested by plaintiff, is that plaintiff would have been eligible for consideration of mandatory promotion to the rank of full colonel prior to his retirement.[1] Achieving the rank of a full colonel prior to retirement would have extended plaintiff's active reserve service and increased his final retirement benefits. Ostensibly, plaintiff is not requesting this court to promote him to colonel, but only that he is entitled to have his promotion to lieutenant colonel backdated.

Moreover, plaintiff desires reinstatement in the active reserve since he has already been transferred to the Retired Reserve of the Army as statutorily required by 10 U.S.C. §§ 3848 and 3853.[2]

Several months before initiating suit in this court, plaintiff filed a similar complaint in the U.S. District Court for the Northern District of Illinois. On April 3, 1980, plaintiff filed a motion for preliminary injunction in that court; the district court denied the motion and forthwith dismissed the complaint. For the reasons set forth, hereinafter, this court finds that the district court's denial of the preliminary injunction and dismissal were an adjudication on the merits of plaintiff's claim, thus barring this action by the doctrine of *res judicata*.[3]

## FACTS

Plaintiff's present claim arises from a series of events which transpired within a

---

1. Upon attaining the rank of colonel prior to his retirement in May, 1980, plaintiff would have been eligible to remain in active service for 5 years in that rank or for 30 years of service. 10 U.S.C. § 3851.

2. Title 10, United States Code, Section 3848 provides for mandatory transfer to the Retired Reserve or discharge from a reserve appointment upon completion of 28 years of service.

Title 10, United States Code, Section 3853 provides that computation of years in service is the greater of the sum of years of service and the number of years by which one's age exceeds 25 years. Mr. Diliberti reached age 53 in April 1980, and, therefore, the number of years that his age exceeded 25 years was 28.

3. Fed.R.Civ.P. 41(b) and 65(a).

span of years during his active service in the Army Reserve from 1974–1980. During that period, plaintiff was considered and twice passed over for promotion to lieutenant colonel. The Department of Army selection boards evaluated plaintiff once in August 1974, and once in September 1975.

As a result of these two "pass overs," plaintiff was notified in November 1976, that he would be transferred to the Retired Reserve or discharged within 90 days pursuant to 10 U.S.C. § 3846.[4] Upon notice, plaintiff promptly sought relief. He petitioned the Army Board for Correction of Military Records (ABCMR), seeking eradication of two adverse Officer Efficiency Reports (OER's) from his personnel file. Plaintiff asserts that, since these two unwarranted OER's caused his nonselection for promotion, he should be reconsidered for promotion to lieutenant colonel.[5] Moreover, he requested removal of the two "pass overs" for promotion. The ABCMR ordered OER No. 2 removed and that the endorser's rating in OER No. 1 be stricken on the grounds that it was improper.[6]

On April 6, 1979, plaintiff's file was reviewed by the Army Standby Advisory Board (SAB) for mandatory promotion to the rank of lieutenant colonel based on plaintiff's corrected file, despite the fact that two "pass overs" remained in his file. Upon SAB's recommendation, plaintiff was granted promotion to lieutenant colonel effective May 3, 1979. Plaintiff's promotion was then backdated to January 31, 1976, which was the earliest date he could have been granted a mandatory promotion by the first selection board. In addition, he was awarded back pay and allowances in the amount of approximately $12,000.

On May 11, 1980, plaintiff was apprised of his forthcoming transfer to the retired reserve, due to his completion of 28 years maximum length of service under 10 U.S.C. § 3848. Meanwhile, plaintiff petitioned the United States District Court for the Northern District of Illinois, on April 3, 1980, to enjoin this transfer and to obtain the relief that he now seeks in this court. Following a hearing on plaintiff's motion for a preliminary injunction, the district court, on May 22, 1980, denied the motion and dismissed his complaint. Plaintiff's retirement was effective May 27, 1980.

Plaintiff, then, filed this complaint with our court on October 14, 1980, seeking virtually the identical relief he originally sought from the U.S. district court. In the claim before this court, plaintiff challenges his release from active reserve at the rank of lieutenant colonel, the rank he apparently held from 1976 to 1980. He asserts that his promotion to lieutenant colonel should have backdated to an earlier time, i.e., October 3, 1974,[7] the date he could have been granted a unit vacancy promotion. Assuming, arguendo, the October 14, 1974, date of promotion, plaintiff asserts he would have held the rank of lieutenant colonel for 5 years on record, and consequently would have qualified for a mandatory promotion to full colonel in 1979. Plaintiff argues that due to SAB's error, his promotion to lieutenant colonel was backdated to 1976 instead of 1974. Given the above SAB mistake, he contends that he was estopped from enjoying the benefits of serving as a lieutenant colonel for approximately two additional years. Moreover, he claims he was denied the "perquisites and emoluments of his military office" for that time. Finally, he claims his previous award for

---

4. An officer in the reserve grade of first lieutenant, captain or major who is considered but not recommended for promotion by two selection boards will be transferred or discharged pursuant to 10 U.S.C. § 3846.

5. Plaintiff had already filed suit for declaratory and injunctive relief in the United States District Court for the Northern District of Illinois on January 19, 1977, to prevent his impending transfer or discharge. The court issued an injunction forbidding transfer or discharge.

However, that order was vacated by the U.S. Court of Appeals for the Seventh Circuit because plaintiff failed to exhaust his administrative remedies. That decision predicated plaintiff's petition to the ABCMR.

6. OER No. 1 was ultimately expunged from plaintiff's file in 1980.

7. Instead of January 31, 1976.

back pay was insufficient, in that, he was not afforded an opportunity to participate in 15 days of Annual Training as a lieutenant colonel during 1977 and 1978—an asserted loss of $3,000.

## DISCUSSION

Defendant has posed several defenses in response to plaintiff's claim, the decisive one being that the simultaneous denial and dismissal of plaintiff's suit by the district court is *res judicata,* thus, barring this present action. *Res judicata* dictates that any "final decision on the 'merits' of a claim bars a subsequent action on that same claim or any part thereof, including issues which were not but could have been raised as part of the claim." *Container Transport International v. United States,* 199 Ct.Cl. 713, 717, 468 F.2d 926 (1972). *See Lawlor v. National Screen Service,* 349 U.S. 322, 326–27, 75 S.Ct. 865, 867–68, 99 L.Ed. 1122 (1955); *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); and *Creek Nation v. United States,* 168 Ct.Cl. 483 (1964).

Moreover, the Supreme Court, in the *Baltimore Steamship Co.* case, basically expressed the same idea:

> The effect of a judgment or decree as *res judicata* depends upon whether the second action or suit is upon the same or a different cause of action, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them not only in respect of every matter which was actually offered and received to sustain the demand, *but also as to every ground of recovery which might have been presented.* [Emphasis supplied.]

*Baltimore Steamship Co. v. Phillips,* 274 U.S. 316, 319, 47 S.Ct. 600, 601, 71 L.Ed. 1069 (1927).

■ Therefore, the denial by the district court of plaintiff's motion for preliminary injunction and dismissal would bar the present submission of the *same* claim to this court, particularly since plaintiff has not asserted that he is raising a different claim.

■ The application of *res judicata,* in this case, precludes a collateral attack on the district court's dismissal. Reliance on the Supreme Court's holding concerning collateral attack of a final decision is controlling on this issue.

> A judgment merely voidable based on an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action on the same cause of action * * *. [T]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert.

*Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981), *quoting Baltimore Steamship Co. v. Phillips,* 274 U.S. 316, 325, 47 S.Ct. 600, 604, 71 L.Ed. 1069 (1927); *Reed v. Allen,* 286 U.S. 191, 201, 52 S.Ct. 532, 534, 76 L.Ed. 1054 (1932); and *Bogart v. United States,* 209 Ct.Cl. 208, 531 F.2d 988 (1976).

The purpose of *res judicata* promotes reliance on judicial decisions, prevents vexatious litigation and permits courts to resolve other pending suits that are being litigated for the first time. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also, Alyeska Pipeline Service Co., et al. v. United States,* 231 Ct.Cl. ——, 688 F.2d 765 (1982); and *Red Lake Band v. United States,* 229 Ct.Cl. ——, 667 F.2d 73 (1981).

Plaintiff contends that he was not afforded a full adjudication of the merits by the district court. The argument proffered by plaintiff is that the district judge did not file a notice that the hearing, and trial on the merits, were being consolidated pursuant to the Fed.R.Civ.P. 65(a)2.

Plaintiff, additionally, asserts that the spirit of Rule 65(a)2 envisions that a transposition of a preliminary injunction hearing to full adjudication, i.e., trial, requires notice to plaintiff. *Grossberg v. Deusebio,*

380 F.Supp. 285 (D.C.Va.1974). Absent such notice, plaintiff argues that this was not an adjudication on the merits. Thus, *res judicata* should not apply.

Rule 65(a) affords a district court judge discretion in granting or denying injunctive relief.

> A motion for an injunction pendente lite is addressed to the judicial discretion of the district court. While the grant or denial may raise only an issue of law and be reviewable as such, ordinarily discretion will be involved and when it is the *test on appeal* is not whether the appellate court in its discretion would have granted or denied the injunction but whether the district court abused its discretion.[8] [Emphasis supplied.]

*See also, Rice & Adams Corp. v. Lathrop,* 278 U.S. 509, 49 S.Ct. 220, 73 L.Ed. 480 (1929); *Yakus v. United States,* 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); *Huron Valley Publishing Co. v. Booth Newspapers, Inc.,* 336 F.Supp. 659 (D.C.Mich.1972); and *Seibert v. Sperry Rand Corp.,* 586 F.2d 949 (2d Cir.1978).

■ Clearly, the grant or denial of plaintiff's requested injunctive relief was in the district court judge's discretion. Despite the notice requirement in Rule 65(a)1, the judge may consolidate the hearing and trial on his own motion.[9] The judicial exercise of such discretion is not reviewable by this court.[10]

Several judicial factors concerning the denied injunction and dismissal of the complaint overshadow the theory propounded by plaintiff concerning *res judicata's* proper application. However, the decisive factor is that plaintiff has not rebutted the effect of Fed.R.Civ.P. 41(b), which governs Involuntary Dismissal of Actions, and which states:

> [U]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.* [Emphasis supplied.]

Rule 41(b) permits a judge to involuntarily dismiss a case *sua sponte.*[11] Unless the court specifies otherwise in its dismissal order, such a dismissal operates as an adjudication on the merits.[12]

■ Therefore, the district court judge possessed competent authority to dismiss plaintiff's claim, *sua sponte.* Such dismissal is viewed by this court as an adjudication on the merits.

■ However, if, arguendo, the judge erred by failing to properly notify the parties of the consolidation hearing, then plaintiff's proper recourse at that time was to appeal the judge's denial and dismissal. Plaintiff is now precluded from bringing a collateral attack on the dismissal in this court. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

During oral arguments, plaintiff urged this court to assume the position that a denial of a preliminary injunction is not an adjudication on the merits. However, the cases to which plaintiff directed this court's attention concerned appellate review of district courts' grants or denials of preliminary injunctions. *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.,* 495 F.2d 1265 (2nd Cir.1974); *Ettore v. Philco TV,* 229 F.2d 481 (3rd Cir.1956); *Lopez v. Arkansas County Independent School District,* 570 F.2d 541 (5th Cir.1978); and *Fox Valley Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc.,* 545 F.2d 1096 (7th Cir.1976). These cases correctly support the contention that if plaintiff was convinced that the denial of his preliminary injunction was im-

---

8. 7 *Moore's Federal Practice,* ¶ 65.04[2] (2d ed. 1982).

9. Fed.R.Civ.P. 65(a)2.

10. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981).

11. 5 *Moore's Federal Practice,* ¶ 41.14[1] (2d ed. 1982).

12. Fed.R.Civ.P. 41(b).

proper, then plaintiff should have appealed that dismissal to the appropriate circuit court.

This court is not persuaded otherwise by plaintiff's cited cases. Moreover, *Lopez v. Arkansas Cty.,* 570 F.2d 541, reinforces the assertion that the judge may dismiss a suit *sua sponte.* The *Lopez* court stated, "it is clear that the power [dismissal] is inherent in the court and may be exercised *sua sponte* whenever necessary to achieve orderly and expeditious disposition of cases." *Id.* at 544.

Accordingly, as this court held in *Gunston v. United States,* 221 Ct.Cl. 57, 602 F.2d 316 (1979), a party may not relitigate another court's determination by a collateral attack in this court.

This court's opinion is established on *res judicata;* it is one which bars further adjudication of plaintiff's claim. This court, therefore, cannot address the substance of plaintiff's claims nor the other defenses proffered by defendant.

### CONCLUSION

For the reasons expressed in this opinion, this court concludes that defendant is entitled to judgment as a matter of law. Therefore, defendant's motion for summary judgment is granted, and the complaint is to be dismissed.