**150**

Charles M. DOYLE, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 669–85C.

United States Claims Court.

July 26, 1988.

Linda Lipsett, Washington, D.C., for plaintiffs. Ira Lechner and David B. Isbell, of counsel.

Carolyn E. Galbreath, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

The present action is the name case for a consolidation of other cases filed with this court. The cases have been stayed pending the outcome of other controlling cases presently pending before the United States Court of Appeals for the Federal Circuit and the United States Supreme Court. The immediate motion for substitution of counsel is unrelated to the merits of the case at bar and defendant took no part in it.

## FACTS

On April 21, 1988, Orrin Baird, an attorney heretofore unassociated with the court in the present action, filed a motion with this court for leave to substitute himself as counsel of record for plaintiffs. Mr. Baird contended that Linda Lipsett, counsel of record, should not be allowed to continue as counsel for plaintiffs. Plaintiffs in the present action, he asserted, originally retained the law firm of Connerton & Bernstein, not Ms. Lipsett, to represent them. Mr. Baird further alleged that upon the dissolution of Connerton & Bernstein, the representation of plaintiffs was transferred to Connerton, Ray & Simon, the successor law firm of Connerton & Bernstein. Because Ms. Lipsett is not a member of Connerton, Ray & Simon, and because Mr. Baird is, Mr. Baird asked this court to substitute himself as counsel of record for plaintiffs.

Ms. Lipsett objected to Mr. Baird's motion by claiming that plaintiffs retained her as counsel of record. She further explained that many problems had evolved from the dissolution of the law firm of Connerton & Bernstein and that this motion was merely another dispute between the former partners of Connerton & Bernstein. In addition, Ms. Lipsett contended that she was better qualified to represent plaintiff's because she had contributed more hours to this action than Mr. Baird. Ms. Lipsett also moved for oral argument on this motion.

## DISCUSSION

The court views this motion as an unnecessary diversion of judicial resources resulting from a failure to examine the Rules of the United States Claims Court.

■ The Rules of the United States Claims Court limit representation in this court to "one attorney of record for a party in any case at any one time, and such attorney of record shall be an individual (and not a firm) who has been admitted to practice before this court." RUSCC 81(d)(1) (parenthetical in original). The unambiguous terms of Rule 81 clearly express the intent that as far as this court is concerned, a single attorney, as an individual and not as a law firm, represents each party in a case brought in the United States Claims Court. "Under our rules ... the attorney of record is ... the one individual the court looks to regarding the litigation as far as plaintiff is concerned." *Prestex, Inc. v. United States*, 4 Cl.Ct. 14, 19 (1983), *aff'd on reconsideration*, 4 Cl.Ct. 317, *aff'd*, 746 F.2d 1489 (Fed.Cir. 1984). Therefore, this court looks to Ms. Lipsett, individually, and not to Connerton & Bernstein or any successor law firm, as the "one attorney of record" for the plaintiffs in this case.

■ Litigants have the right to choose their own trial counsel. The United States Court of Appeals for the Federal Circuit and its predecessor court, the Court of Claims, have both recognized this principle. *See Panduit Corp. v. All States Plastic Mfg.*, 744 F.2d 1564, 1576 (Fed.Cir.1984) (criticized on other grounds); *In re Int'l Medical Prosthetics Research Assocs.*, 739 F.2d 618, 621 (Fed.Cir.1984); *Sierra Vista Hosp. v. United States*, 226 Ct.Cl. 223, 232, 639 F.2d 749, 754 (1981). However, a court must balance a party's right to choose its own counsel against the need to maintain professional standards. *In re Int'l*, 739 F.2d at 621 (citing *Trone v. Smith*, 621 F.2d 994, 1002 (9th Cir.1980)); *see Sierra Vista Hosp.*, 226 Ct.Cl. at 232, 639 F.2d at 754. Yet, the right of a party to select the counsel of its choice is a matter of significant importance which should not be disturbed unless an identifiable impropriety has occurred. *See Panduit*, 744 F.2d at 1576–77. Mr. Baird has failed to allege an impropriety that would justify judicial intervention into plaintiffs' choice of counsel. Therefore, plaintiffs themselves may choose to replace Ms. Lipsett if they so

desire. However, this is a choice for plaintiffs individually and not for Mr. Baird or this court. Although Mr. Baird did allege that "[p]laintiffs move for leave to substitute" counsel, Ms. Lipsett disputed that assertion and neither Mr. Baird nor Ms. Lipsett came forward with competent evidence to show the present intent of plaintiffs to substitute or not substitute counsel. Therefore, this court refuses, at this time, to so substitute Mr. Baird as counsel for plaintiffs.

In addition, Ms. Lipsett moved for oral argument on this motion. Again, the court directs the parties to the Rules of the United States Claims Court. Paragraph two of Appendix H of RUSCC states when this court may grant oral argument on a motion. "Oral argument ordinarily shall be heard on all contested motions (other than motions ... to substitute counsel ...) as to which one of the parties requests to be heard by so stating in its initial brief." (Parenthetical in original.) Ms. Lipsett's motion for oral argument is denied.

The court does not address whether a collateral motion for disbursement of a former partnership's assets, such as the present motion, would violate the Code of Professional Responsibility or whether sanctions for such a violation would be appropriate, nor does the court address whether Ms. Lipsett or Mr. Baird would be more deserving or qualified to represent plaintiffs in the present action. The court refuses to become involved in dividing the assets of the former partnership of Connerton & Bernstein. Furthermore, the court does not view such a division as proper on a collateral motion unrelated to the pending action. *Cf. Diliberti v. United States*, 2 Cl.Ct. 404, 408–09 (1983) (where plaintiff attempted to challenge a district court's determination by collateral attack in the United States Claims Court). Disputes over the former partnership's assets can be addressed in a number of ways. This is not one of them.

## CONCLUSION

Substitution of counsel is a decision to be made by the litigants, not by feuding attor-

neys. This unseemly dispute between the former partners of Connerton & Bernstein is not an element of plaintiffs' dispute with defendant. Therefore, the court will not consider Mr. Baird's collateral motion as part of plaintiffs' case. Mr. Baird's motion is denied.

IT IS SO ORDERED.