These three cases, which were transferred to this court by the Indian Claims Commission, are presently before the court for decision on the defendant’s pleas that the causes of action are barred by the doctrine of res judicata. Two of the cases came to us on requests for review of opinions by Trial Judge Schwartz and the third arises on a motion to dismiss filed by defendant. By order of the court, these cases were consolidated for purposes of review and consideration and they were orally argued together.
Nos. 19 and 189-A
(Consolidated)
The question presented in these consolidated cases is whether the plaintiffs’ claims for an accounting of funds and property under the Nelson Act of 1889, and amendato-ry Acts thereto, are barred by res judicata as a result of *539 final judgments rendered in five suits brought in the Court of Claims by the Chippewa Indians of Minnesota under the Jurisdictional Act of May 14, 1926, as amended. In an opinion filed March 18, 1980, Trial Judge Schwartz concluded that all claims and exceptions of plaintiffs, the Minnesota Chippewa Tribe and the Red Lake Band, for the same relief as was sought in the former cases, are barred by the doctrine of res judicata. Both parties filed requests for review. After hearing oral argument and after considering the briefs and materials submitted by the parties, the court is in general agreement with the trial judge’s opinion and recommended decision, except as follows:
On page 26 of his opinion, the trial judge cites Cromwell v. County of Sac, 94 U.S. 351 (1876) as authority for the proposition that:
The preclusionary bar of res judicata encompasses not only matters that were actually litigated, but extends tb those which were not, and which should have been raised as part of the claim made. (Emphasis added.)
This statement should be amended to read that in á second action upon the same claim or demand, the judgment in a former action "if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is á finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as td every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.” 94 U.S. at 352.
On page 27 of the trial judge’s opinion, the following quotation appears:
"Neither does it [waiver of limitations] mean that causes of action which could have been brought under prior jurisdictional acts, but which were not, can be defeated." Remarks of Rep. Karl E. Mundt, House Conference Manager, 92 Cong. Rec. A4923-24 (1946). Accord, Conf. Rep. No. 2693, 79th Cong., 2d Sess. 6 (1946).
Considered out of context with the remainder of the trial judge’s opinion, the quoted statement might appear to be ih conflict with other statements in his opinion. Defendant *540 correctly points out that the Court of Claims has previously considered and rejected the quoted proposition in Blackfeet and Gros Ventre Tribes v. United States, 127 Ct. Cl. 807, cert. denied, 348 U.S. 835 (1954) ad Assiniboine Indian Tribe v. United States, 128 Ct. Cl. 617, cert. denied 348 U.S. 863 (1954). In order to remove any confusion that might be created as a result of the inclusion of the quoted statement in the trial judge’s opinion, the court declares that we follow the general rule that "a final decision on the 'merits’ of a claim bars a subsequent action on that same claim or any part thereof, including issues which were not but could have been raised as part of the claim.” Container Transport International, Inc. v. United States, 199 Ct. Cl. 713, 717, 468 F.2d 926, 928 (1972). The rule applies in cases brought under the Indian Claims Commission Act. United States v. Sioux Nation of Indians, 207 Ct. Cl. 234, 247-48; 518 F.2d 1298, 1305-06, cert. denied, 423 U.S. 1016 (1975).
With the foregoing changes and additions, the court hereby approves the trial judge’s opinion and adopts it as its decision in these cases.

No. 189-C Exception No. 12

Exception No. 12 was taken by the Red Lake Band to a 1963 Government accounting report. The claim is for damages resulting from the alleged mismanagement of the Red Lake Indian Forest in the sale of timber from 51,300 acres, and alternatively, that the Government’s action amounts to a Fifth Amendment taking of the timber for which the Band is entitled to just compensation. In an opinion and recommended decision filed March 21, 1980, Trial Judge Schwartz held that the claim is not barred under the doctrine of res judicata as a result of the judgments rendered in the five cases brought under the Jurisdictional Act of May 14, 1926. He certified the case for review under Rule 53(c)(2). Defendant urges us to reverse the trial judge’s recommended decision, whereas plaintiffs ask us to adopt it. Since we agree with the trail judge’s opinion, it is hereby approved and adopted by the court.
*541 No. 189-C Exception No. 8
On April 22, 1980, the defendant moved to dismiss Exception No. 8 on the ground that the claim is one "which was or should have been litigated” in one or more of the five cases brought under the Jurisdictional Act of May 14, 1926, and is therefore barred under the doctrine of res judicata. The claim is for an alleged Fifth Amendment taking of 256,152 acres of the diminished Red Lake Reservation which was opened to settlement under the Act of February 20, 1904. In Exception No. 8, the Band challenged a Government accounting report that the amount received for the land and credited to plaintiff represented the reasonable and actual value of the land. In its decision of October 17, 1979, Red Lake Band, et al. v. United States, 221 Ct. Cl. 325, 607 F.2d 930 (1979), which involved the same Exception No. 8, the court held that the claim was not barred by the doctrine of collateral estoppel because of a finding of fact made in one of the former decisions of this court, Chippewa Indians v. United States, 80 Ct. Cl. 410 (1935), aff'd, 301 U.S. 358 (1937). In its decision of October 17, 1979, the court stated:
* * * The jurisdictional statute did not give the Band a cause of action for just compensation. Thus, the Band’s interest, if any in the value of the 256,152 acres would have been to preserve a possible claim based upon the sale of that land for some future litigation.
In the statute authorizing the Secretary of the Interior to sell the 256,152 acres and credit the proceeds to the Red Lake Band, Congress purported to be acting as trustee for the Indians, and to be merely changing the form of tribal property, not appropriating it. Act of February 20, 1904, 33 Stat. 48, 49. At the time of the Chippewa case, the standard for judicial review of such congressional action rendered it unlikely that the adequacy of compensation paid to the Band could be successfully challenged. See Lone Wolf v. Hitchcock, 187 U.S. 553 (1903). Moreover, at the time counsel for the Band signed the stipulation, there was no reason to believe that Congress would consent to suit for "moral claims” against the government. * * * [607 F.2d at 933-34.]
We find that this statement is even more applicable to defendant’s plea of res judicata. Since we find that the *542 claim is not a part of any claim which could have been raised in the former actions, defendant’s motion to dismiss hereby denied.
The court takes this occasion to express its great concern over the fact that these cases have been pending for 30 years and have not yet been tried. Although 90 percent of the delay occurred while they were pending in the Indian Claims Commission, this court now has the responsibility for their disposition. In the interest of the litigants, as well as in the interest of the public, the excessive and unreasonable delays that have occurred in the past can no longer be tolerated. The situation requires diligent supervision and firm action on the part of the trial judge. To that end, he is hereby directed to issue an order fixing an early date for the conclusion of all preliminary procedural matters, including discovery, in these cases. He is also directed to issue an order setting the cases for trial within a short time after the time fixed for the conclusion of the procedural preliminaries.
rr is ordered that these cases be and they are hereby remanded to the trial judge for further proceedings in accordance with this order.
May 8, 1981