Indian claims; judgment; res judicata. — On December 16, 1981 the court issued a substantially identical order respecting each of the above-identified Counts. The orders have been consolidated for reporting purposes as follows:
This case comes before the court on defendant’s motion to dismiss Count I/Counts 111(d) etc. of plaintiffs’ complaint in No. 188 on the ground of res judicata. It is one of several related cases brought under the Indian Claims Commission Act of 1946, 60 Stat. 1049: docket Nos. 19, 188, 189-A, 189-B, 189-C and 19 and 189-A consolidated. Defendant asserts that this issue is foreclosed because it was determined by this court in previous litigation between the Minnesota Chippewas and the United States. Chippewa Indians of *676 Minnesota v. United States, 80 Ct.Cl. 410 (1935), aff’d 301 U.S. 358 (1937) (hereinafter cited as No. H-76); Chippewa Indians of Minnesota v. United States, 87 Ct.Cl. 1 (1938), aff’d. 305 U.S. 479 (1939), (hereinafter No. H-192); Chippewa Indians of Minnesota v. United States, 88 Ct.Cl. 1 (1938), aff’d. 307 U.S. 1 (1939) (hereinafter No. H-155); Chippewa Indians of Minnesota v. United States, 90 Ct.Cl. 140 (1940) (hereinafter No. H-163); Chippewa Indians of Minnesota v. United States, 91 Ct.Cl. 97 (1940) (hereinafter No. M-135) (hereinafter referred to collectively as the Nelson Act cases). Answering, plaintiffs oppose the motion.
We hold that this case is controlled by our opinion in Red Lake Band v. United States, concerning Claim No. 2 of Docket No. 189-B, decided this date. There we hold that the parties in the Indian Claims Commission Act and Nelson Act cases were identical, but that Creek Nation v. United States, 168 Ct.Cl. 483, 490 (1964), bars the application of res judicata. We therefore find that Count I is/Counts III(d) etc. are not barred.
Count T
Count I of plaintiffs’ complaint charges that defendant misclassified Nelson Act land as "agricultural land” instead of "timber land” and consequently sold it for $1.25 per acre, far less than the value of the pine actually on the land, in violation of Section 4 of the Nelson Act, 25 Stat. 642. Plaintiffs allege, in addition that the misclassification was the result of fraud and violation of trust.
Counts lin'd) etc.
Count III of plaintiffs’ complaint alleges that defendant mismanaged Chippewa lands for which it was responsible. Count 111(d) specifically charges that defendant sold timber on reservation lands at less than its fair market value.
Count 111(h) charges that when defendant sold the Cass Lake Townsite it did not compensate plaintiffs for the value of the timber which covered the land sold.
Count III(i) alleges that defendant fraudulently induced plaintiffs to sell land to create the Chippewa National *677 Forest and in the sale, failed to compensate plaintiffs for the value of the timber on the land. Plaintiffs also assert that promises of hunting, fishing, and other rights, made to induce the sale, were not kept.
Count III(j) complains that defendant permitted persons not entitled to it to acquire "half-breed script,” resulting in the loss to plaintiffs of some of their land.
Count III(k) charges that defendant allotted lands and permitted removal of timber on the White Earth Reservation by persons not entitled to such allotments. Discovering the fraud perpetrated by these persons, defendant nevertheless failed to reimburse plaintiffs for the timber involved.
Defendant’s motions to dismiss assert that such a claim is/claims are the quintessential subject of the 1926 Special Jurisdictional Act, 44 Stat. 555, that it/they should have been raised therefore with the other Nelson Act cases, and that it is/they are now barred by res judicata. The Government correctly points out that the relief demanded by Count I/Counts 111(d) etc. could have been had as violations of the Nelson Act; it also correctly asserts that Count I is/Counts III(d) etc. are very close to the claims adjudicated in H-155, 88 Ct.Cl. at 26, No. H-192, 87 Ct.Cl. at 27-29, and specially No. M-135, 91 Ct.Cl. at 130-32/H-163, 90 Ct.Cl. 140.
Nevertheless, plaintiffs have a defense to the application of res judicata: their claim is/claims are brought under the Indian Claims Commission Act, section 2, clauses 3 and 5, which created new causes of action based on revision of agreements and fair and honorable dealings. The Government asserts that the question of the res judicata effect of clauses 3 and 5 is open, but Creek held that, virtually regardless of the similarity of substantive claims with earlier ones, the 1946 Act creates new causes of action which will not be barred by res judicata. Creek Nation v. United States, supra, 168 Ct.Cl. at 490; Minnesota Chippewa Tribe v. United States, 227 Ct.Cl. 538, 542 (1981).
*678 The Government seems to acknowledge this state of the law, as its only real counterargument in Creek is that plaintiffs’ Count I is/Counts 111(d) are not brought under the Indian Claims Commission Act. But this is simply not correct: paragraph 5 of Count I expressly invokes the Indian Claims Commission Act generally/paragraph 27 of Count III realleges paragraph 5, and, construing the complaint so as to do substantial justice (Rule 32(b)), we conclude that the Count alleges/Counts allege a clause 3 or 5 cause of action. Therefore, there is no bar.
This leaves only a claim of collateral estoppel possible, if the issues in Count I/Counts III(d) etc. were actually adjudicated earlier. The Government does not claim that they were; it asserts that they should have been. However close the issues raised by Count I/Counts III(d) etc. were to those in Nos. H-155, H-192, and M-135/No. H-163, they were not identical, and thus collateral estoppel does not bar plaintiffs’ claim/claims either.
it is therefore ordered that defendant’s motion/motions to dismiss Count I/Counts 111(d) etc. is/are denied, and the case is returned to the trial division for further proceedings consistent with these motions.