## HOOPA VALLEY TRIBE OF INDIANS, Plaintiff,

v.

## The UNITED STATES, Defendant.

No. 870–71.

United States Claims Court.

March 12, 1984.

As Corrected March 21, 1984.

Robert L. Pirtle, Seattle, Wash., for plaintiff; Ziontz, Pirtle, Morisset, Ernstoff & Chestnut, Seattle, Wash., of counsel.

D. Lee Stewart, Washington, D.C., with whom was Asst. Atty. Gen., F. Henry Habicht, II, Washington, D.C., for defendant.

## MEMORANDUM ORDER

REGINALD W. GIBSON, Judge:

On February 6, 1984, pursuant to an order verbalized by the court during a telephone status conference on January 23, 1984, with counsel for the parties, plaintiff filed a "Motion for Stay" of subject proceedings for "one year" or alternatively for a stay of "six months" with a status report to be submitted at that time. The perceived justification for such stay was forcefully articulated in an extensive memorandum consisting of 19 pages of multiple points.

Plaintiff averred in its motion, as an added basis for a favorable consideration, the fact that "the government did not oppose the Tribe's request," but as a caveat "suggested a stay of six months." Counsel for plaintiff emphasized that the "United States is obviously in a better position than the Tribe to indicate to the Court its reasons for concurring in the Tribe's request."[1]

The court memorialized said verbal order of January 23, 1984, by a written order dated January 24, 1984, which provided, *inter alia,* that:

Defendant shall file its response thereto [*i.e.,* to plaintiff's motion to stay] and its brief in support thereof within 14 days from receipt of plaintiff's motion for a continued stay.

On February 15, 1984, defendant filed a one-page response consisting of a seven-line paragraph in which the court was advised that "defendant ... is cognizant of the reasons why plaintiff seeks a one-year stay of proceedings in this case." Defendant concludes its response by stating that:

... in the interest of advancing this case as rapidly as possible, the defendant requests that the parties be required to report to the court within six months as to the progress of the case.

It is axiomatic that RUSCC 1 requires that the rules of this court "shall be construed to secure the just, speedy, and inexpensive determination of every action"; that the first amended petition in subject case was filed in this court on April 13, 1972 (original petition filed on December 17, 1971); and that since that time all that has occurred in this case is that a series of motions to stay proceedings, fourteen (14) in total, have been filed and allowed over the last 13 years.

Plaintiff has, in this adversarial proceeding, made some pointed arguments in support of its current motion for a continued stay. The court is specifically advised by

defendant on none of said arguments proffered by plaintiff as to (a) whether the asserted facts are accurate, and (b) whether in its judgments the asserted basis justifies granting or denying plaintiff's motion. Defendant's February 15, 1984 response in no way complies with this court's order of January 24, 1984, and certainly fails to affirmatively enlighten the court as to defendant's position respecting the ultimate question raised by plaintiff's motion.

■ In the exercise of its sound discretion, in ruling on subject motion to stay, this court *must* weigh competing interests and concomitantly maintain an even balance. To do so, it must be discernible from the pleadings whether there is or is not a fair possibility that the stay for which plaintiff prays will work injury or damage on the other party. *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). Without the benefit of the defendant's *specific* position on *each* point raised by plaintiff, this court is not able at this posture to objectively weigh such *competing* interest of the parties, as it must.

It is clear beyond cavil that this court has an interest in disposing of cases on its docket without unnecessary delay, regardless of the position(s) of the parties. This is particularly true whereas here we are not considering expedition for its own sake, but rather are primarily concerned with the harm to the public emanating from the fact that this case has not moved *one iota* towards a definitive resolution 13 years after the complaint was filed.[2]

Pertinent to the extant problem(s) here is the recognition of the admonishment espoused by the predecessor Court of Claims to the trial judge in *The Navajo Tribe of Indians v. United States,* 220 Ct.Cl. 360, 367–68, 601 F.2d 536 (1979), wherein it stated, *inter alia:*

---

1. The court observes that no such "reasons" were forthcoming from defendant.

2. RUSCC 77.1 provides, *inter alia,* "[c]ase management is the responsibility of the judge to

whom the case is assigned.... Each judge shall manage assigned cases so as to provide for the prompt dispatch of business."

658

The trial judges have an obligation to expedite these cases, and to take all necessary steps to insure their speedy determination. Many of the cases are complex and difficult. There is a need for innovative handling and treatment, perhaps to devise new procedures that will end the delays that have plagued these cases for so many years. We have faith in the ability of the trial judges to develop such techniques. *We expect the cases to be completed within a reasonable time.* (Emphasis added.)

It is common knowledge among members of the Bar of this court that the extraordinary delays in these cases have become a matter of repeated comments and grave concern in the decision of appellate and trial courts. *See also* in this connection— *Minnesota Chippewa Tribe v. United States,* 227 Ct.Cl. 538, 542 (1981); *Temoak Band of Western Shoshone Indians v. United States,* 219 Ct.Cl. 346, 354–55, 593 F.2d 994 (1979); *White Mountain Apache Tribe of Arizona v. United States,* 4 Cl.Ct. 575 (1984).

■ While the subject case was not one of those Indian cases transferred to the predecessor Court of Claims on September 30, 1978, from the Indians Claims Commission, this court is of the firm opinion that the aforesaid directive to the predecessor trial judges is relevant, instructive, and apposite in this case.[3] The distinction between the cited and subject cases on the issue here, therefore, is one without a significant difference.

■ The court notes, upon a review of the file, that defendant has previously taken a firm adversarial position respecting

plaintiff's repeated motions for stay of the proceedings, particularly between 1975 and 1979. For example, in its August 6, 1976 response to plaintiff's motion to stay, defendant argued that "plaintiff should be ordered either to prosecute its claims or withdraw its petition."[4]

It does not appear that the operative grounds alleged by plaintiff in its present motion to stay were other than what obtained, at a minimum, at the time defendant took the foregoing position. Assuming that to be the case, it strains credulity to fathom why defendant's present position is as recently stated. Perhaps there is a plausible explanation and, if so, this court *must* be enlightened as to the defendant's *specific* position respecting each factual allegation of plaintiff underlying its motion to stay prior to this court's ruling thereon. Because such a response was not forthcoming as required by the court's order of January 24, 1984,

IT IS THEREFORE ORDERED that defendant shall file a detailed response to plaintiff's February 6, 1984 "Motion For Stay," by 10:00 a.m. on March 26, 1984, which shall:

(i) comment on the propriety of this court's granting a stay pending *final* disposition of the *Short* and *Puzz* cases;[5]

(ii) comment on the factual accuracy of *each* of the grounds alleged by plaintiff under paragraphs III–A to III–D, IV, and V of its motion, *supra;* and

(iii) state defendant's position, given the operative historical facts, on the ultimate prayer in plaintiff's motion.

---

**3.** This court also thoroughly agrees with the observation by Judge Yock recently expressed in *Sioux Tribe of Indians v. United States,* 3 Cl.Ct. 536, 538 (1983), *petition for writ of mandamus denied,* No. 84–635 (Fed.Cir. Jan. 5, 1984), in which he stated ". . . when citizens and groups invoke the jurisdiction of the courts of the United States, they must be prepared to prosecute to completion their claims with all due dispatch. Indian Tribes are no different in this connection than any other litigant. *See* 219 Ct.Cl. at 354–55.

**4.** See other similar responses of defendant respecting plaintiff's motion(s) to stay proceedings dated June 30, 1975; July 25, 1977; July 10, 1978; Jan. 3, 1979; and July 6, 1979.

**5.** "Final" shall be deemed to mean a decision by the United States Supreme Court or the denial of certiorari.

IT IS FURTHER ORDERED that any reply to defendant's response by plaintiff shall be filed in this court by April 6, 1984.